## UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

| | |
|---|---|
| OSBALDO LEMUS BERRIOS,<br><br>  Plaintiff,<br><br>v.<br><br>DINO E. FLORES and<br>SCHAFFER, BLACK & FLORES, P.C.<br><br>  Defendants. | Civil Action No. TDC-20-3198 |

### MEMORANDUM ORDER

On November 3, 2020, Plaintiff Osbaldo Lemus Berrios, an inmate confined at the Maryland Correctional Institution Hagerstown in Hagerstown, Maryland ("MCIH"), filed this Complaint against Defendant Dino E. Flores, one of the attorneys who represented Berrios in *State v. Lemus Berrios*, Case No. 98225C (Mont. Co. Cir. Ct.) at http://casesearch.courts.state.md.us/casesearch/ (last visited Apr. 30, 2021), a criminal prosecution initiated in 2003, and Schaffer, Black & Flores, the law firm at which Flores is employed. Berrios states that he is filing his claims pursuant to 42 U.S.C. § 1983 ("§ 1983") but also references diversity jurisdiction and makes allegations that could arguably be construed as advancing state law legal malpractice and breach of contract claims. Berrios also references ineffective assistance of counsel, a claim that would ordinarily be asserted in a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In addition to his Complaint, Berrios has filed a Motion for Leave to Proceed In Forma Pauperis, ECF No. 4, and a Motion for Appointment of Counsel, ECF No. 5.

Turning first to the Motion for Leave to Proceed In Forma Pauperis, based on the Account Statement submitted by MCIH and the information Berrios provides in the Motion, the Court finds

that he qualifies for *in forma pauperis* status. Berrios's Motion for Leave to Proceed In Forma Pauperis will be granted.

28 U.S.C. § 1915 instructs district courts that they "shall dismiss [a] case" filed by a plaintiff proceeding *in forma pauperis* if the court determines that the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii) (2018). A self-represented party's complaint must be construed liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, a *pro se* plaintiff must still carry "the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). In considering the Complaint, the Court may take judicial notice of the docket in the state criminal cases against Berrios. Fed. R. Evid. 201(b)(2); *see Lolavar v. De Santibanes*, 430 F.3d 221, 224 n.2 (4th Cir. 2005) (taking judicial notice of a state court docket sheet because a court may take judicial notice of "the records of a court of record").

First, construed as a civil rights action under § 1983, the Complaint necessarily fails because Defendants, who are private attorneys who were retained by Berrios, are not state actors. *See* 42 U.S.C. § 1983 (providing a federal cause of action for violations of the Constitution and laws of the United States "under color of" state law); *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982) (stating that in a § 1983 suit, "the party charged with the deprivation must be a person who may fairly be said to be a state actor").

Second, construed as state law claims for legal malpractice or breach of contract, Berrios's claims are time-barred. "[A] statute of limitations defense may properly be raised *sua sponte* by a district court in certain narrow circumstances." *Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 655 (4th Cir. 2006). One such instance occurs when, pursuant to 28 U.S.C. § 1915, a court evaluates

2

a complaint filed *in forma pauperis* and "the face of the complaint plainly reveals the existence of such defense." *Erline*, 440 F.3d at 655-56 (citing *Nasim v. Warden, Md. House of Correction*, 64 F.3d 951, 953-54 (4th Cir. 1995)). To the extent that Berrios's Complaint asserts state law claims of legal malpractice and breach of contract, those claims are subject to the applicable Maryland statute of limitations. In Maryland, a "civil action at law shall be filed within three years from the date it accrues." Md. Code Ann., Cts. & Jud. Proc. § 5-101 (West 2011). *See Berringer v. Steele*, 758 A.2d 574, 604 (Md. Ct. Spec. App. 2000) (holding that a plaintiff filing a legal malpractice claim based on representation in a criminal case "must ... comply with the limitations period of [Md. Code Ann., Cts. & Jud. Proc.] § 5–101," even if post-conviction proceedings have not yet concluded).

On May 3, 2006, Berrios was sentenced to 30 years of imprisonment after he was convicted of second-degree murder by a jury in the Circuit Court for Montgomery County, Maryland. *See State v. Berrios*, Case No. 98225C (Mont. Cty. Cir. Ct.) ("No. 98225C"). That same day, Berrios was also sentenced in the related case of *State v. Berrios*, Case No. 99290C (Mont. Cty. Cir. Ct.) ("No. 99290C"), in which he had been convicted by a jury of the use of a firearm in the commission of a crime, to 20 years of imprisonment, to run consecutively to his 30-year sentence.

Berrios asserts that he then entered into a written contract with Flores to file and argue a motion for modification or reduction of his sentence and a petition for post-conviction relief, for which he paid Flores a $15,000 retainer fee, a $4,500 fee for trial transcripts, and $800 for costs and expenses. Compl. at 3, ECF No. 1. He alleges that Flores did not enter an appearance as his attorney, and that Flores, and by extension his law firm, failed to perform the services required by the contract over a period of approximately three years before he "quit the case." *Id.* at 4. In particular, Berrios asserts that after Flores failed to take any action on his behalf, at some point

3

Berrios filed a *pro se* Motion for Modification or Reduction of Sentence, the state court granted a hearing, but Flores then entered his appearance and asked for a postponement in order to file a state petition for post-conviction relief that he never filed. When Berrios realized that Flores was taking no action, he and his family retained new counsel, Michael Woll.

As reflected in the docket of Berrios's state second-degree murder case, Flores entered an appearance on behalf of Berrios on July 23, 2012. No. 98225C Dkt. No. 465. After Flores appeared as counsel for Berrios at the August 28, 2012 hearing on the Motion for Modification or Reduction of Sentence, the hearing was postponed. No. 98225C Dkt. Nos. 467, 469, 470. Then, on November 13, 2012, Woll entered an appearance on behalf of Berrios and moved to strike Flores's appearance. No. 98225C Dkt. Nos. 478 & 479; *see also* Compl. at 6. The motion to strike Flores's appearance was granted on November 29, 2012. No. 98225C Dkt. No. 484.

In Case No. 99290C, a Motion for Modification or Reduction of Sentence was filed by a different attorney on May 12, 2006 and denied on May 7, 2008. *See* No. 99290C Dkt. Nos. 227, 237. Flores never entered an appearance in that case. Both cases now have pending petitions for post-conviction relief petition that are scheduled for a hearing on May 21, 2021. No. 98225C Dkt. Nos. 668, 671; No. 99290C Dkt. Nos. 281, 287.

Particularly where the Motion for Modification or Reduction of Sentence in Case No. 99290C was filed by different counsel and denied in 2008, the state court dockets reflect that Berrios's allegations against Flores relate to his alleged failure to provide adequate representation in Case No. 98225C. Where Flores's representation of Berrios in that case ended on November 29, 2012, any acts or omissions constituting legal malpractice or a breach of contract occurred no later than that date, and where Berrios was aware that Flores had "quit the case," Compl. at 4, and, in fact, promptly retained new counsel upon Flores's departure, Berrios was by then aware of, or

4

reasonably should have been aware of, any breach of contract or legal malpractice claims against Flores arising from either criminal case. *See Poffenberger v. Risser*, 431 A.2d 677, 680 (Md. 1981) ("[T]he cause of action accrues when the claimant in fact knew or reasonably should have known of the wrong."). Indeed, Berrios acknowledges that he was aware of Flores's deficiencies and breach of contract even before Flores withdrew as counsel in 2012. In his Complaint, Berrios asserts that while Flores was representing him, Berrios hired a private investigator who found witnesses that would establish Berrios's innocence, but Flores ignored this information. Compl. at 7. Because any state law claims accrued in 2012 and Berrios's Complaint was first filed in this Court on November 20, 2020, eight years later, they are plainly time-barred and will be dismissed pursuant to 28 U.S.C. § 1915(e)(2).

Finally, the Complaint is not properly construed as a petition for a writ of habeas corpus under 28 U.S.C. § 2254 because Berrios seeks only damages and does not seek release from custody. *See Preiser v. Rodriguez*, 411 U.S. 475, 494 (1973). ("In the case of a damages claim, habeas corpus is *not* an appropriate or available federal remedy."). Moreover, Berrios's state criminal case is still being litigated through state post-conviction proceedings, so any federal habeas petition would not be ripe for review in this Court. *See* 28 U.S.C. § 2254(b)(1)(A); *Baker v. Corcoran*, 220 F.3d 276, 288 (4th Cir. 2000) (stating that generally, a federal court may not consider a state prisoner's petition for a writ of habeas corpus unless the prisoner has first exhausted available state remedies, including presenting the claim to the highest state court). The Court also notes that to the extent that Berrios is asserting ineffective assistance of counsel during post-conviction proceedings, that is not a basis for habeas relief. *See* 28 U.S.C. § 2254(i).

Because Berrios's Complaint does not state a viable cause of action, it will be dismissed. *See* 28 U.S.C. § 1915(e)(2). The Court will therefore also dismiss as moot Berrios's Motion for Appointment of Counsel.

Accordingly, it is hereby ORDERED that:

1. Berrios's Motion for Leave to Proceed In Forma Pauperis, ECF No. 4, is GRANTED.
2. Berrios's Motion for Appointment of Counsel, ECF No. 5, is DISMISSED AS MOOT.
3. Berrios's Complaint is DISMISSED.

Date: May 6, 2021

THEODORE D. CHUANG
United States District Judge